Thaler Law Firm PLLC
Proposed Attorneys for
Andrew M. Thaler, Chapter 7 Trustee
675 Old Country Road
Westbury, New York 11590
Telephone: (516) 279-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**Return Date:** 9/10/18 @ 10:30a.m.
**Objections Due:** 9/3/18

In re:

Nola Elizabeth Thacker,

Chapter 7
Case No. 8-18-72971-ast

          Debtor.
------------------------------------------------------------X

## Notice the Trustee's Motion Seeking an Order (i) Directing the Debtor to (a) Turnover Documents and (b) Allow the Trustee's Professionals to Inspect Real Property; (ii) Extending the Trustee's Time to Object to the Debtor's Receipt of a Discharge, and (iii) Directing the Debtor to Reimburse the Trustee for the Costs and Expenses Incurred in Bringing this Motion

    **PLEASE TAKE NOTICE** that, upon the application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee" or "Applicant") of the bankruptcy estate (the "Estate") of Nola Elizabeth Thacker (the "Debtor"), through his proposed attorneys, Thaler Law Firm PLLC, a hearing will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, 290 Federal Plaza, Room 760, Central Islip, New York 11722, on **September 10, 2018 at 10:30 a.m.**, to consider the Trustee's motion entry of an Order: (i) directing the Debtor to (a) turnover documents and information specified in Paragraph "11" of this Application (b) allow the Trustee's professional to inspect the interior of real property located at 176 Wildwood Road, Sag Harbor, NY 11963; (ii) extending the Trustee's time to file a complaint objecting to the Debtor's receipt of discharge from August 6, 2018 to November 30, 2018; (iii) directing the Debtor to reimburse the Trustee for the costs and expenses incurred in bringing this Motion; and (iv) granting such other relief this Court decides is just and proper (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must: (i) be in writing and state with particularity the legal and factual bases supporting the objection(s); (ii) be electronically filed with the Bankruptcy Court; and (iii) be served upon Thaler Law Firm PLLC, 675 Old Country Road, Westbury, New York 11590 (Attn: Spiros Avramidis, Esq.), to be received no later than **September 3, 2018.**

Dated: Westbury, New York
       August __, 2018

Thaler Law Firm PLLC
*Proposed Attorneys for*
*Andrew M. Thaler, Chapter 7 trustee*

By: /s/ _____
Spiros Avramidis
675 Old Country Road
Westbury, New York 11590
Phone: (516) 279-6700
Fax: (516) 279-6722
spiros@athalerlaw.com

Thaler Law Firm PLLC
Proposed Attorneys for
Andrew M. Thaler, Chapter 7 Trustee
675 Old Country Road
Westbury, New York 11590
Telephone: (516) 279-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Return Date:** 9/10/18 @ 10:30a.m.
**Objections Due:** 9/3/18

-----------------------------------------------------------X

In re:

Chapter 7

Nola Elizabeth Thacker,

Case No. 8-18-72971-ast

                       Debtor.

-----------------------------------------------------------X

## Application in Support of the Trustee's Motion Seeking an Order (i) Directing the Debtor to (a) Turnover Documents and (b) Allow the Trustee's Professionals to Inspect Real Property; (ii) Extending the Trustee's Time to Object to the Debtor's Receipt of a Discharge, and (iii) Directing the Debtor to Reimburse the Trustee for the Costs and Expenses Incurred in Bringing this Motion

Andrew M. Thaler, chapter 7 trustee (the "Trustee" or "Applicant") of the bankruptcy estate (the "Estate") of Nola Elizabeth Thacker (the "Debtor"), through his proposed attorneys, Thaler Law Firm PLLC, submits this application in support of the Trustee's motion (the "Motion") and respectfully represents:

### RELIEF REQUESTED

1. This is a matter brought pursuant to Rules 4002 and 4004 of the Federal Rules of Bankruptcy Procedure (the "FRBP") and Sections 105(a), 521(a) and 542 of the United States Bankruptcy Code seeking entry of an Order: (i) directing the Debtor to (a) turnover documents and information specified in Paragraph "11" of this Application (b) allow the Trustee's professional to inspect the interior of real property located at 176 Wildwood Road, Sag Harbor, NY 11963; (ii) extending the Trustee's time to file a complaint objecting to the Debtor's receipt of discharge from August 6, 2018 to November 30, 2018; (iii) directing the Debtor to reimburse the Trustee for the costs and expenses incurred in bringing this Motion; and (iv) granting such other relief this Court decides is just and proper (the "Motion").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157, 1334, and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

### Background

4. On May 1, 2018 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee was appointed as the Chapter 7 trustee in the Debtor's case and is duly qualified and acting as such.

5. In Schedule A/B, the Debtor disclosed her interest in real property located at 176 Wildwood Road, Sag Harbor, NY 11963 (the "Real Property"), with a note of "I AM NOT SOLE" written in response to "Describe the nature of your ownership interest...." The Debtor valued the Real Property at $250,000.00. Based on drive-by evaluations conducted by the Trustee's proposed/expected auctioneer, Maltz Auctions ("Maltz"), Maltz believes that the Real property has a value of approximately $470,000 to $500,000. However, Maltz requires access to the Real Property to conduct a more accurate valuation.

6. In Schedule D, the Debtor disclosed liens in the total amount of $166,506.48 against the Real Property, consisting of (i) a mortgage in the amount of $140,532.57, and (ii) an "IRS/Commissioner of Taxation & Finance" in the amount of $25,973.91.

7. The Trustee has communicated with the Debtor on numerous occasions. In these conversations, the Debtor claimed that (i) she is not the sole recorded owner of the Real Property, but (ii) the other co-owner, Katherine Neville (the "Co-Owner") signed and delivered to the Debtor a deed transferring the Co-Owner's interest to the Debtor in 1991 (the "Deed"). However, the Deed was never recorded. The Trustee requested that the Debtor produce the original Deed but the Debtor has not complied. The Debtor did produce a copy of the Deed, but not the original, which, per her own admission, she has in her possession. Additionally, the Trustee requires all information and documents the Debtor has regarding the current location of the Co-Owner and the Co-Owner's family.

8. The Trustee requires the original Deed so that he may attempt to record the

Deed. If the Trustee is unsuccessful in recording the Deed, the Trustee contemplates commencing an adversary proceeding to determine the Estate's and the Co-Owner's interests in the Real Property based upon the unrecorded Deed.

9. If the Trustee is successful in showing that the Estate has a 100% equitable and legal interest in the Real Property, there is significant equity for the Estate over and above the liens (approximately $166,506.48) and the Debtor's CPLR § 5206 homestead exemption. The Trustee conservatively estimated there is equity for the Estate in the approximate amount of $147,668.52 ($485,000.00 average value - ($166,506.48 liens + $170,825.00 exemption)).

## APPLICATION

### I. The Debtor should be directed to the turnover books and records and to allow access to the Real Property

10. 11 U.S.C. § 521(a)(3) requires that a debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(a)(4) requires that a debtor "surrender to the trustee all property of the estate." Furthermore, 11 U.S.C. § 542 provides that "an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property."

11. Here, by failing to turnover the requested books and records, the Debtor has failed in complying with the duties imposed upon her as a debtor under the United States Bankruptcy Code. In failing to do so, the Debtor is hindering the Trustee's ability to "collect and reduce to money the property of the estate" *See* 11 U.S.C. § 704(a). The Trustee is entitled to an Order directing the Debtor to turnover to the Trustee:

    I. the original Deed conveying the Co-Owner's interest in the Real Property to the Debtor; and

    II. all documents regarding the current location of the Co-Owner and the Co-Owner's family

12. Furthermore, the Debtor should be directed to allow the Trustee's professionals to access the Real Property so that they may accurately valuate the Real Property.

13. Finally, the Trustee does not believe it is fair, however, for general unsecured creditors to suffer as a result of the Debtor's failure to comply with his statutory duties. Accordingly, the Trustee requests that the Court require the Debtor to pay the costs and expenses, including attorneys' fees, the Trustee incurred in bringing this Motion. This is not a situation where there is a genuine dispute over the Estate's right to seeking turnover of property of the Estate. This is a simple case of a Debtor failing to turnover clearly non-exempt property of the Estate, despite being afforded multiple opportunities to do so. Unsecured creditors should not pay the price for the Debtor's delays, hindrances, and brazen intentional disregard of his duties.

14. Further, while this application does not seek to revoke the Debtor's discharge, it is respectfully submitted that a debtor who does not cooperate with his statutory duties should not reap the benefit of discharging debt. If the debtor does not comply, a basis exists to deny or revoke his discharge. The Trustee may seek to deny the Debtor's discharge if the Debtor fails to comply with orders of the Court.

II. <u>The Trustee's time to object to the Debtor's receipt of a discharge should be extended</u>

15. Federal Rule of Bankruptcy Procedure 4004 provides that "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired." Fed. R. Bankr. P. 4004(b)(1). A chapter 7 trustee is a party in interest for purposes of Rule 4004. *In re Farmer*, 786 F.2d 618, 620 (4th Cir. 1986) (Holding that "[b]ecause a trustee may object to discharge under section 727, he would clearly be a "party in interest" to seek time extensions under 4004(b)"

16. Furthermore, for purposes of granting an extension under Rule 4004, "[c]ause" is not defined, and the determination is committed to the Court's discretion. *In re Nowinski*, 291 B.R. 302, 305 (S.D.N.Y. Bankr. 2003). The factors that a court normally analyze include (1) whether the creditor had sufficient notice of the deadline and the

4

information to file an objection, (2) the complexity of the case, (3) whether the creditor exercised diligence, (4) whether the debtor refused in bad faith to cooperate with the creditor, and (5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues. *Id.* at 305-06. "These factors provide an analytical framework, and are not exclusive." *In re Chatkhan*, 455 B.R. 365, 368 (E.D.N.Y. Bankr. 2011) (Chief Judge Craig).

17. Here, the Trustee has been attempting to diligently investigate the Real Property. As indicated above, the Trustee has made numerous demands for documents, in emails, letters, and phone calls. To date, the Debtor has not fully complied with the Trustee's requests. Without the Debtor's cooperation, the Trustee is unable to obtain the documents. The Debtor should not be allowed to receive a discharge, while not complying with the duties imposed on her by the Bankruptcy Code. Additionally, the Debtor's lack of cooperation in and of itself gives grounds for the Trustee to object to the Debtor's receipt of a discharge. The current deadline to object to the Debtor's receipt of a discharge is August 6, 2018.

18. Accordingly, the Trustee believes an extension to the deadline to object to the Debtor's discharge is warranted in this instance. The Trustee requests that the Court extend this deadline to November 30, 2018. The Trustee believes this extension is appropriate.

June 26, 2018 - Phone

### NOTICE

19. Copies of the Notice of Motion, the Application, and all exhibits will be served, by first-class mail upon: (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all parties who have filed notices of appearance in this case.

### Proposed Order

20. A copy of the proposed order will be uploaded after a hearing on the Motion as directed by the Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order: i) directing the Debtor to (a) turnover documents and information specified in Paragraph "11" of this Application (b) allow the Trustee's professional to inspect the interior of real property located at 176 Wildwood Road, Sag Harbor, NY 11963; (ii) extending the Trustee's time to file a complaint objecting to the Debtor's receipt of discharge from August 6, 2018 to November 30, 2018; (iii) directing the Debtor to reimburse the Trustee for the costs and expenses incurred in bringing this Motion; and (iv) granting such other relief this Court decides is just and proper.

Dated: Westbury, New York
August 1, 2018

Thaler Law Firm PLLC
*Proposed Attorneys for
Andrew M. Thaler, Chapter 7 trustee*

By: /s/ Spiros Avramidis
Spiros Avramidis
675 Old Country Road
Westbury, New York 11590
Phone: (516) 279-6700
Fax: (516) 279-6722
spiros@athalerlaw.com