UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Nola Elizabeth Thacker,

                             Debtor.

**Case No. 18-72971**

**Chapter 7**

**Hon. Alan S. Trust**

## NOTICE OF MOTION APPROVING THE CONTRACT OF SALE OF DEBTOR'S REAL PROPERTY

**PLEASE TAKE NOTICE** that upon the attached affirmation of Erica T. Yitzhak, Esq. dated August 6, 2018, and upon all the proceedings in this case to date, the undersigned, will move in this Court at the United States Bankruptcy Court, Eastern District, 560 Federal Plaza, Central Islip, New York 11722, Courtroom 760 on October 2, 2018 at 10:30 am or as soon as counsel may be heard, for an order (i) pursuant to Sections 363(b), (f) and (m) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy procedure 6004 authorizing and approving the sale of Debtor's real property located and known as 37 Wildwood Road, Sag Harbor, NY, 11963 a/k/a 176 Wildwood Road, Sag Harbor, NY 11963 pursuant to a contract of sale, free and clear of all liens, claims and encumbrances, (ii) authorizing and approving the payment of related closing costs, including the attorney's legal fees, and (iii) granting good faith purchaser status to the purchaser in connection therewith, together with such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to Local Bankruptcy Rule 9006-1(a)(ii), any answering papers, if any, shall be served so as to be received not later than seven (7) days before the return date stated above.

**Dated:** Great Neck, New York
       August 6, 2018

                                      Respectfully Submitted,
                                      **THE YITZHAK LAW GROUP**
                                      *Attorneys for Debtor*

                                      By:_____*/s/Erica T. Yitzhak*_____
                                              Erica T. Yitzhak

                                      17 Barstow Road, Suite 406
                                      Great Neck, New York 11021
                                      (516) 466-7144

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Nola Elizabeth Thacker,

                        Debtor.

Case No. 18-72971

Chapter 7

Hon. Alan S. Trust

**AFFIRMATION IN SUPPORT**

The movant Nola Elizabeth Thacker ("Debtor"), by his undersigned attorneys, as and for her motion for an order approving the contract of sale of Debtor's real property, represents as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This proceeding has been initiated pursuant to Bankruptcy Code §§ 105(a) and 363.

**FACTS AND PROCEDURAL HISTORY**

2.    Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. Andrew M. Thales, Esq. was appointed and qualified as Chapter 7 Trustee.

3.    Debtor is the owner of the Property known as 37 Wildwood Road, Sag Harbor, NY 11963 a/k/a 176 Wildwood Road, Sag Harbor, NY 11963 (the "Property").

4.    Debtor also claimed on Schedule C – The Property You Claim as Exempt" her interest in the Property. Copies of the Debtor's Schedules A/B, Schedule C and Schedule D, as

well as Debtor's Declaration about an Individual Debtor's Schedule are annexed hereto as **Exhibit "A"**

5. The Property is encumbered by a single first mortgage held by Rushmore Loan Management Services LLC ("Rushmore"). Attached as **Exhibit "B"** is a copy of the Payoff Quote.

6. The Property is also encumbered by New York State Department of Taxation and Finance in the amount of $12,815.49, incurred prior to the filing date. Attached as **Exhibit "C"** is the proof of claim filed by the New York State Department of Taxation and Finance.

7. On or about June 29, 2018, Debtor and Katherine Neville entered into a contract to sell the Property for the purchase price of $375,000.00. See attached **Exhibit "D"**

8. Purchaser is a complete stranger to Sellers and the offer made by the Purchaser was the highest offer made on the Property. Additionally, Purchaser was amenable to wait to close on the Property so as to enable the Debtor to obtain the required Bankruptcy Court approval of the transaction. For these reasons, the Debtor asserts that the Purchaser's offer is not only the highest, but also the best offer for the Property.

9. The contract of sale proposed herein will yield sufficient proceeds to satisfy the closing costs of the sale transaction, as well as all liens existing against the Property, with a surplus balance available to Sellers.

10. The upkeep of the Property is more than Debtor can afford. A sale of the Property in accordance with the proposed Contract of Sale will maximize the recovery of Rushmore, as they will be paid in full, preserve the Sellers equity in the Property and enable Debtor to relocate and reduce her monthly expenses. Therefore, the Debtor submits that the relief sought herein is in the best interests of the estate and its creditors

**RELIEF REQUESTED**

11. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…"

12. Bankruptcy Rule 6004 specifically addresses the procedures required for a private sale, and provides as follows: "(f) conduct of sale not in the ordinary course of business; (1) public or private sale: all sales not in the ordinary course of business may be by private sale or by public auction."

13. "When a debtor desires to sell an asset, its main responsibility, and the primary concern of the bankruptcy court, is the maximization of the value of the asset sold." *In re Integrated Resources, Inc.*, 135 B.R. 746, 750 (Bankr. SDNY 1992), aff'd 147 B.R. 650 (SDNY 1992).

14. The Debtor believes that the purchase price for the sale of the Property is the highest and best price and that the best interest of the estate and its creditors will be well served with the proposed sale.

15. Debtor believes that the proposed purchase price is the highest and best offer. The Debtor further submits that the private sale if the Property is reasonable and a sale at auction or foreclosure, subject to higher and better offers, is not warranted as it is unlikely to yield any greater purchase price or any greater recovery to the creditors of Debtors' estate.

16. Based upon the foregoing, it is respectfully submitted that sound business judgment exists for a sale of the Property on the terms and conditions set forth in the proposed contract.

17. Section 363(f) of the Bankruptcy Code provides that a debtor in possession may sell property free and clear of liens, claims and encumbrances with any such encumbrances attaching to the net proceeds of the sale, if one of the following conditions are satisfied: (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest; (2) the lien holder or claimholder consents; (3) such interest is a lien and the price at which such property is to be sold is greater that the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; (5) the lien holder or claimholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

18. As previously stated, the Property is encumbered by a single first mortgage, and New York State Department of Finance, as further described below:

(a) Rushmore provided Debtor with a payoff quote, in the amount of $156,424.90, which is attached hereto as Exhibit "B". Debtor believes that Rushmore has paid all property taxes, however interest continues to accrue until the lien is paid in full.

(b) New York State Department of Finance filed Proof of Claim No. 1, in the amount of $12,815.49. See Exhibit "C"

19. The Debtor seeks authority to satisfy the closing costs of the transaction, including the attorney's fees in connection with this motion, which are in the amount of $3,000.00. Attached hereto as **Exhibit "E"** is a copy of the Attorney Disclosure Compensation.

20. In connection with the closing of the Contract, the Debtor intends to pay certain pre-petition secured obligations, as set forth above, as well as attorney's legal fees, including usual closing cost associated with the sale of the Property.

21. Outside of the bankruptcy process, it is customary for the seller in a real estate transaction to pay a variety of charges at closing, including, but not limited to, payoff the

mortgage and other liens, making adjustments to the sale price for payment of contract contingencies, and payment of real estate taxes, transfer taxes, outstanding utilities, and the like. In the context of the bankruptcy proceeding, however, the Debtor is prohibited from paying any pre-petition debts.

22. Section 105 of the Bankruptcy Code provides as follows: (a) the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

23. The sale, and the necessity for the relief requested herein, is the same situation envisioned by Section 105.

24. Because the Debtor will be unable to close if certain pre-petition secured debts and claims are not paid at the time of closing, the Debtor seeks authority to pay such charges as may be required at closing pursuant to 11 U.S.C. §§ 105 and 363(b).

25. The Debtor also seeks approval and authority to pay the legal fees for services rendered in connection with filing this motion in the amount of $3,000.00, at closing.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order (i) authorizing and approving the sale of Debtor's real property located and known as 37 Wildwood Road, Sag Harbor, NY 11963 a/k/a 176 Wildwood Road, Sag Harbor, NY 11963 pursuant to a contract of sale, free and clear of all liens, claims and encumbrances, (ii) authorizing and approving the payment of related closing costs, including the attorney's legal fees, and (iii) granting good faith purchaser status to the purchaser in connection therewith, together with such other and further relief as this court deems just and proper.

Date: Great Neck, New York
      August 7, 2018

**THE YITZHAK LAW GROUP**
*Attorney for Debtor*

By: _____*/s/Erica T. Yitzhak*_____
      Erica T. Yitzhak

17 Barstow Road, Suite 406
Great Neck, New York 11021
(516) 466-7144